UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

LOUISE MEANWELL,

               Plaintiff,

    -v.-                             07 Civ. 6000 (GEL)

HON. GEORGE CERESIA, et al.,               ORDER

               Defendants.

------------------------------------------------------------x

GERARD E. LYNCH, District Judge:

       Plaintiff, a British citizen, brings this action pursuant to 42 U.S.C. § 1983, alleging that her constitutional and statutory rights were violated when a family court judge in Albany, New York, ordered her to surrender her British passport and legal permanent residency documents. She filed with the Pro Se Office of this Court this afternoon an Order to Show Cause seeking a preliminary injunction and temporary restraining order compelling the return of her passport and legal permanent residency documents.

       It is clear from the face of the complaint that venue does not lie in the Southern District of New York. 28 U.S.C. § 1391(b) states:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may . . . be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

Although diversity of citizenship exists, this action is not founded solely on diversity of citizenship, because the complaint is brought pursuant to 28 U.S.C. § 1983. Thus, 1391(b) is the relevant provision, but none of its sub-sections apply. No defendant resides in the Southern District of New York, no part of the events or omissions giving rise to the claim occurred here, and subsection (3) does not apply because the action may be brought in the Northern District of New York (and in any event, plaintiff does not allege that any defendant may be found here).

A CERTIFIED COPY
J. MICHAEL McMAHON,      CLERK

BY _____
                          DEPUTY CLERK

Accordingly, the case will be transferred to the Northern District of New York. "Regardless of whether there is personal jurisdiction over the defendants, the court has power to transfer . . . pursuant to 28 U.S.C. § 1406(a) if venue is improper." Sheet Metal Workers' Nat'l Pension Fund v. Gallagher, 669 F. Supp. 88, 91 (S.D.N.Y. 1987). The decision whether to transfer depends upon a number of factors, the balancing of which lies within the discretion of the district court. Id. at 91-92. These factors include "not only convenience to the parties and witnesses but also the relative ease of access to proof, availability of witnesses and all other practical problems which make trial of a case easy, expeditious, and inexpensive." Id. at 92 (internal citations, alterations and quotation marks omitted). "The situs of the operative facts is an important factor in deciding motions to transfer under sections 1404(a) and 1406(a). Where a cause of action arises from claims of alleged wrongdoing in the proposed transferee district, transfer is appropriate." Id. at 92-93 (internal citations and quotation marks omitted).

In this case, although plaintiff's residence is in New York City, all defendants are employed (and presumably reside) in the Northern District of New York. Moreover, the "situs of operative fact" is clearly Albany, the location of the courts in question and the place where the passport was allegedly confiscated. In the event that any trial or hearing is held, relevant witnesses would presumably all be located in Albany. Moreover, under the factors discussed above, venue would be proper in the Northern District of New York. See 28 U.S.C. § 1406(a) (allowing transfer to any district "in which [the action] could have been brought"). Finally, transfer is preferable to dismissal, since dismissal would require the pro se plaintiff to incur additional filing fees to file a new action in the Northern District of New York.

Accordingly, it is hereby ORDERED that this case be transferred to the Northern District of New York.

SO ORDERED.

Dated: New York, New York
June 25, 2007

_____
GERARD E. LYNCH
United States District Judge